canchenple

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
JAN 23 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAN FENG CHEN, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL CASE NO. 06-00119 <br><br> **PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, CAN FENG CHEN, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging him with False Swearing in an Immigration Matter in violation of Title 18, United States Code, Section 1546(a).

2(a) The defendant, CAN FENG CHEN, understands that the <u>maximum</u> sentence for False Swearing in an Immigration Matter is a term of ten (10) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years incarceration in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the

court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

2(b) If defendant pleads guilty to this charge, the government will recommend that defendant receive the statutory minimum term of incarceration, or the minimum term of incarceration recommended by the Sentencing Guidelines, whichever is greater.

2(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of False Swearing in an Immigration Matter as charged pursuant to 18 U.S.C. § 1546 (a), the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: the defendant subscribed as true a false statement;

<u>Second</u>: the defendant acted with knowledge that the statement was untrue;

<u>Third</u>: the statement was material to the Bureau of Citizenship and Immigration Services' activities or decisions;

<u>Fourth</u>: the statement was made under oath; and

<u>Fifth</u>: the statement was made on an application or other document required by immigration laws or regulations prescribed thereunder.

4. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1977, and is a citizen of China.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and

therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) Defendant is an alien, a citizen of China. On March 18, 2004, he knowingly submitted an Application for Asylum and for Withholding of Removal and an Affidavit to the Immigration and Naturalization Services on Form I-589. In the Application for Asylum and for Withholding of Removal, defendant Can Feng Chen identified himself as Chen Long, a male born on October 15, 1974. Defendant Can Feng Chen signed the Application after certifying under penalty of perjury that the application and evidence submitted were true and correct under the laws of the United States of America in violation of Title 18 United States Code, Section 1546 which defines perjury under Section 1746 of Title 28, United States Code. At the time the defendant submitted the Application for Asylum and for Withholding of Removal, defendant Can Feng Chen knew that the information he subscribed to was a false statement and was untrue. The statement submitted in the Application for Asylum and for Withholding of Removal was material to the Bureau of Citizenship and Immigration Services' activities or decisions. The statements made by Can Feng Chen were made on an application or other document required by immigration laws or regulations prescribed thereunder. At the time the defendant submitted the Application, he knew that the information was untrue.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

5. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

| | |
|---|---|
| 1 | (b) His right to be represented by an attorney; |
| 2 | (c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right |
| 3 | to be represented by counsel, the right to confront and cross-examine witnesses against him, and |
| 4 | the right not to be compelled to incriminate himself, that is, the right not to testify; |
| 5 | (d) That if he pleads guilty, there will not be a further trial of any kind on the charges to |
| 6 | which such plea is entered so that by entering into this plea agreement, he waives, that is, gives |
| 7 | up, the right to a trial; |
| 8 | (e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure |
| 9 | 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court |
| 10 | does not accept the sentencing recommendations of the government or his counsel; |
| 11 | (f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions |
| 12 | about the offenses to which he has pled, under oath, and that if he answers these questions under |
| 13 | oath, on the record, his answers may later be used against him in prosecution for perjury or false |
| 14 | statement if an answer is untrue; |
| 15 | (g) That he agrees that the plea agreement is voluntary and not a result of any force, |
| 16 | threats or promises apart from this plea agreement; |
| 17 | (h) The defendant is satisfied with the representation of his lawyer and feels that his |
| 18 | lawyer has done everything possible for his defense; |
| 19 | // |
| 20 | // |
| 21 | // |
| 22 | // |
| 23 | // |
| 24 | // |
| 25 | // |
| 26 | // |
| 27 | // |
| 28 | |

(i) That this plea agreement has been translated into his native language and he fully understands it.

DATED: 1/19/07

*CAN FENG CHEN*
CAN FENG CHEN
Defendant

DATED: 1/19/07

RICHARD ARENS
Federal Public Defender
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 1/23/07     By:

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

DATED: 1/9/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

-5-